

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00019-CV

SUSAN H. PETROS, INDIVIDUALLY, AND CHRISTOPHER WAYNE HUSTEAD,
INDIVIDUALLY AND AS NEXT FRIEND OF CHRISTIAN ROY HUSTEAD, KARA
HUSTEAD, AND BRIANNA HUSTEAD, MINOR CHILDREN, APPELLANTS

V.

JOI BODINE, APPELLEE

On Appeal from the 216th District Court
Gillespie County, Texas
Trial Court No. 15,104, Honorable Spencer W. Brown, Presiding

May 1, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Susan H. Petros, individually, and Christopher Wayne Hustead, individually and as next friend of Christian Roy Hustead, Kara Hustead, and Brianna Hustead (Petros), appeal from a final summary judgment denying recovery against Joi Bodine. Petros had sued Bodine to recover damages purportedly arising from a motor vehicle collision. Apparently, Bodine was operating a motorcycle when she lost control of it during a rainstorm and collided with Petros's vehicle. Requests for admission were served on

Petros, which requests were not answered timely. That resulted in them being deemed admitted. Eventually, Bodine moved for both a traditional and no-evidence summary judgment. The trial court convened a hearing on the summary judgment motions as well as on Petros's motion to strike the deemed admissions. The trial court denied the latter and granted the former. That resulted in this appeal.

Two issues pend before us. The first concerns whether the trial court abused its discretion in denying Petros's motion to strike the admissions. The second concerns whether the trial court erred in excluding the accident report developed by the law enforcement official that investigated the accident; had it been admitted, its content allegedly would have precluded entry of summary judgment. We consider only the second issue, for it is dispositive of the appeal, and affirm.[1]

*Admissibility of Accident Report*

Petros attached a "Texas Peace Officer's Crash Report" to her response to the pending motions for summary judgment. The trial court excluded it as inadmissible hearsay. Yet, the report was a certified copy of the official document and purportedly admissible under Texas Rule of Evidence 902(4). As said by Petros, "[a]lthough the trial court here was apparently unfamiliar with evidence rule 902, other courts have admitted such crash reports routinely." We overrule the issue.

Rule 902(4) provides that "[e]xtrinsic evidence of **authenticity as a condition precedent to admissibility** is not required with respect to the following . . . [a] copy of an official record or report or entry therein." TEX. R. EVID. 902(4) (emphasis added). As can

---

[1] Because this appeal was transferred from the Fourth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3

be seen from the portion of the rule we highlighted, 902(4) pertains to authenticating a piece of evidence. Yet, "[a]dmissibility, and its predicate, authenticity, are two different things." *White v. State*, No. 2-04-350-CR, 2005 Tex. App. LEXIS 7226, at *14 n.8 (Tex. App.—Fort Worth Aug. 31, 2005, no pet.) (per curiam) (mem. op.). They "are two different concepts." *Patriot Homes, Inc. v. Lopez*, No. 04-04-00645-CV, 2005 Tex. App. LEXIS 10734, at *8 (Tex. App.—San Antonio July 20, 2005, no pet.) (mem. op.). For instance, "a document may be authenticated hearsay, and [still] . . . not admissible upon objection without an applicable hearsay exception." *White*, 2005 Tex. App. LEXIS 7226, at *14 n.8. In other words, while a writing may not be subject to exclusion on the basis that the proponent failed to authenticate it, it may be excluded if it constitutes inadmissible hearsay. Consequently, the proponent would have to overcome both the hearsay and authentication bar to gain admission of the evidence. Petros ignored this in her appellate brief.

Contrary to her accusation, the trial court undoubtedly knew of Rule 902 but had no need to consider it. This is so because it excluded the accident report as inadmissible *hearsay*, not because Petros failed to authenticate it. And, more importantly, she failed to address in her appellate brief why the trial court erred in deeming the report and its content inadmissible hearsay. That was her burden on appeal. *See Landers v. State,* No. 07-10-0130-CR, 2011 Tex. App. LEXIS 2982, at *5 (Tex. App.—Amarillo Apr. 19, 2011, pet. ref'd) (mem. op., not designated for publication) (stating that the proponent of hearsay excluded by the trial court had the burden to establish the admissibility of the evidence); *see also Volkswagen of Am., Inc. v. Ramirez,* 159 S.W.3d 897, 908 n.5 (Tex. 2004) (stating that the proponent of hearsay has the burden to demonstrate the testimony

comes within an exception to the general rule denying the admission of hearsay evidence).[2]  Failing to carry it, she failed to establish that the trial court abused its discretion.

This omission on the part of Petros is dispositive of the appeal given her reliance upon the report to rebut Bodine's no-evidence motion for summary judgment.  Such is exemplified by the argument in her appellate brief.  There she asked us to "reverse the trial court's ruling excluding Appellants' summary judgment evidence and reverse the summary judgment granted below, as the **Texas Peace Officer's Crash Report raises a genuine issue of material fact**."  Indeed, the report was the only "evidence" she offered below to controvert Bodine's contention that she had no evidence establishing any of the elements underlying the claim of negligence.  So, without the report, it matters not whether the trial court erred in denying her motion to strike the deemed admissions.  Bodine remains entitled to summary judgment.

Accordingly, we affirm the trial court's final summary judgment.


Brian Quinn
Chief Justice

---

[2] That the official report itself may be admissible because of some hearsay exception does not mean that the report's content which may be hearsay is also admissible.  Hearsay statements within the report must also fall under some hearsay exception of their own.  *Benson v. Chalk*, 536 S.W.3d 886, 895 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).  So, Petros also would have had the burden to illustrate that hearsay within the report was somehow admissible too.